B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| GEA Seaside Investment, Inc. | See attached "Exhibit A." |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Cobb Cole, 150 Magnolia Ave., Daytona Beach, FL, (386) 323-9269 | Trenam Kemker and Bradley Arant Boult Cummings LLP on behalf of GMAC Mortgage, LLC and U.S. Bank, National Association, at Trustee |

| PARTY (Check One Box Only) ☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☐ Trustee | PARTY (Check One Box Only) ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☑ Creditor ☐ Other ☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Removal from the Circuit Court, Seventh Judicial Circuit, in and for Volusia County, Florida
28 U.S.C. 1334 and 28 U.S.C. 1452

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☑ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>GEA Seaside Investments, Inc. | | BANKRUPTCY CASE NO.<br>6:08-bk-01693-KSJ | |
| DISTRICT IN WHICH CASE IS PENDING<br>Middle District of Florida | | DIVISION OFFICE<br>Orlando | NAME OF JUDGE<br>Chief Karen S. Jenneman |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Hope T. Cannon | | | |
| DATE<br>11/09/12 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Hope T. Cannon | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Exhibit A to Adversary Proceeding Cover Sheet

The following parties are named as defendants:

1. Deutche Bank Trust Company Americas

2. JP Morgan Chase Bank, NA

3. DLJ Mortgage, Capital, Inc.

4. Selene Finance, LP

5. Wells Fargo Bank, NA

6. Homecomings Financial, LLC

7. GMAC Mortgage, LLC

8. Ameriquest Mortgage Company

9. The Bank of New York Mellon f/k/a The Bank of New York, as Successor Trustee for JP Morgan Chase Bank, NA, as Trustee for Novastar Mortgage Funding Trust, Series 2005-1 Novastar Home Equity Loan Asset-Backed Certificates, Series 2005-1 c/o Ocwen Loan Servicing, LLC

10. Ocwen Loan Servicing, LLC

11. US Bank National Association, as Trustee for CSMC 2006-6 Residing at or located at: c/o America's Servicing Company

12. PNC Bank, National Association

13. US Bank National Association, as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust and Series 00MC 2006-HE3, Asset Backed-Pass Through Certificates, Series 00MC 2006-HE3

14. Homeward Residential, Inc.

15. Argent Mortgage Company, LLC

16. US Bank National Association as Trustee

17. OneWest Bank, FSB

18. Citibank National Association, as Trustee for Bear Sterns Alt-A Trust, Mortgage Pass-Through Certificate, Series 2007-1

19. First Mariner Bank

20. Sand Canyon Corporation

21. Deutsche Bank Trust Company Americas, as Trustee in Trust for the Registered Holders of Argent Securities Inc., Asset-Backed Pass Through Certificates Series 2006-M1

22. The Bank of New York Mellon Trust Company, NA, as Successor to JP Morgan Chase Bank, NA as Trustee

23. The Bank of New York Mellon Trust Company, National Association f/k/a The Bank of New York Trust Company, NA, as Successor to JP Morgan Chase Bank NA, as Trustee for RAMP 2006-RS4

24. US Bank National Association as Trustee for Asset-Backed Pass Through Certificates Series 2006WFHE3

25. Fulton Bank National Association

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| IN RE:<br><br>GEA SEASIDE INVESTMENT, INC., *et al.*,<br><br>Debtors.<br><br>_____<br><br>GEA SEASIDE INVESTMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS; JP MORGAN CHASE BANK, NA, a national banking association; DLJ MORTGAGE CAPITAL, INC, a foreign corporation; SELENE FINANCE, LP, a foreign limited partnership; WELLS FARGO BANK, NA, a national banking association; HOMECOMINGS FINANCIAL, LLC, a foreign limited liability company; GMAC MORTGAGE, LLC, a foreign limited liability company; AMERIQUEST MORTGAGE COMPANY, a foreign corporation; THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS SUCCESSOR TRUSTEE FOR JP MORGAN CHASE BANK, NA, AS TRUSTEE FOR NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2005-1 NOVASTAR HOME EQUITY LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-1 C/O OCWEN LOAN SERVICING, LLC; OCWEN LOAN SERVICING, LLC, a foreign limited liability company; US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR | CASE NO. 6:08-bk-01693-KSJ<br><br>Jointly Administered With<br>Case No. 6:08-bk-1695-KSJ<br><br><br><br><br><br><br><br><br><br>ADVERSARY PROCEEDING NO.:<br>_____<br><br>(Removed from the Circuit Court, Seventh Judicial Circuit, in and for Volusia County, Florida) |

1

| | |
|---|---|
| **CSMC 2006-6 RESIDING AT OR LOCATED AT: C/O AMERICA'S SERVICING COMPANY, a national banking association; PNC BANK, NATIONAL ASSOCIATION, a national banking association; US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST AND SERIES 00MC 2006-HE3, ASSET BACKED-PASS THROUGH CERTIFICATES, SERIES 00MC 2006-HE3; HOMEWARD RESIDENTIAL, INC., a foreign corporation; ARGENT MORTGAGE COMPANY, LLC, a foreign limited liability company; US BANK NATIONAL ASSOCIATION AS TRUSTEE, a national banking association; ONEWEST BANK, FSB, a federal savings bank; CITIBANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BEAR STERNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATE, SERIES 2007-1; FIRST MARINER BANK, a Maryland state banking corporation; SAND CANYON CORPORATION, a foreign corporation; DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE IN TRUST FOR THE REGISTERED HOLDERS OF ARGENT SECURITIES INC., ASSET BACKED PASS THROUGH CERTIFICATES SERIES 2006-M1; THE BANK OF NEW YORK MELLON TRUST COMPANY, NA, AS SUCCESSOR TO JPMORGAN CHASE BANK, NA AS TRUSTEE; THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION F/KIA THE BANK OF NEW YORK TRUST COMPANY, NA, AS SUCCESSOR TO JPMORGAN CHASE BANK NA, AS TRUSTEE FOR RAMP 2006-RS4; US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

1/2406338.5

| | |
|---|---|
| **ASSET-BACKED PASS THROUGH CERTIFICATES SERIES 2006WFHE3; and FULTON BANK NATIONAL ASSOCIATION, a national banking association,** | ) ) ) ) ) ) |
| **Defendants.** | ) ) |

## NOTICE OF REMOVAL

Defendants GMAC Mortgage, LLC ("GMACM") and U.S. Bank, National Association, as Trustee[1] ("U.S. Bank") (collectively referred to here as "Defendants"), by and through their undersigned counsel, and pursuant to 28 U.S.C. § 1452, Federal Rule of Bankruptcy Procedure 9027, and Local Rule 9027-1, hereby give notice of the removal this action filed by GEA Seaside Investment, Inc. ("GEA" or "Debtor") from the State Court to the United States Bankruptcy Court for the Middle District of Florida.[2] As grounds for this removal, Defendants state as follows:

### I. PROCEDURAL BACKGROUND

1. On March 6, 2008, the Debtor filed a voluntary petition [Docket No. 1][3] for relief (the "Bankruptcy Case") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida (the "Court").[4]

---

[1] There are several defendants indentified with the name U.S. Bank National Association. This removal is being filed on behalf of "US Bank National Association, as Trustee," as identified in paragraph 33 of the Complaint.

[2] Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), this Notice of Removal is filed in the United Stated Bankruptcy Court for the Middle District of Florida, Orlando Division.

[3] As used herein, "Docket No. __" refers to the docket in the Bankruptcy Case.

[4] The Debtor's Bankruptcy Case is jointly administered with the bankruptcy of Jack Aberman ("Aberman" and, together with the Debtor, the "Debtors"), Case No. 6:08-bk-1695-KSJ. *See* Docket No. 70.

3

2.  On July 28, 2008, the Debtor filed its Plan of Reorganization Submitted by GEA Seaside Investment Inc. and Jack Aberman [Docket No. 210] (the "First Plan").

3.  On January 1, 2009, this Court entered its Order Granting Motion for Cramdown and Confirmation of Plan of Reorganization Submitted by GEA Seaside Investment Inc. and Jack Aberman [Docket No. 436] (the "First Confirmation Order").

4.  On October 6, 2010, the Debtor filed Debtor's Motion to Modify Debtor's Confirmed Plan of Reorganization [Docket No. 672].

5.  On October 6, 2010, the Debtor filed Debtor's Modification to Confirmed Plan of Reorganization [Docket No. 674] (the "Modified Plan" and, together with the "First Plan", the "Plan").

6.  On November 23, 2010, the Court entered its Order Granting Debtor's Motion to Modify Debtor's Confirmed Plan of Reorganization and Denying Motions for Relief from Stay filed by GMAC Mortgage, LLC, JPMorgan Chase Bank, NA, Wells Fargo Bank, NA and Americas Servicing Company [Docket No. 692] (the "Modified Plan Confirmation Order" and together with the First Confirmation Order, the "Confirmation Order").

7.  The Confirmation Order provided, among other things, that the Bankruptcy Court is to retain jurisdiction of the administration of the Plan. Specifically, the Order states, in pertinent part:

> The Court retains jurisdiction, as provided in the Plan, for any and all matters that may come before the Court in the administration of the Plan and pursuant to the Confirmation Order, specifically including, without limitation . . . (iv) to consider and rule upon all matters of any nature or type necessary or appropriate to carry out the Plan, including without limitation, controversies and disputes arising under or in connection with the Plan; (v) to consider and rule upon any adversary proceedings or contested matters brought to enforce the provisions of the Plan . . . (x) to issue such orders in aid of execution and consummation of the Plan as may be necessary and appropriate; (xi) to ensure distributions are accomplished, as provided for in the Plan, and to resolve any dispute concerning the right of any person to a distribution

under the Plan, under applicable law, or under a contract or agreement . . . and (xiii) such other matters as may be provided for in the United States Bankruptcy Code, 11 U.S.C. § 101, et. seq., or in the Plan.

Confirmation Order ¶ 10.

8. On January 23, 2012, the Debtor GEA filed Debtors' Motion to Dismiss Chapter 11 Cases [Docket No. 838] (the "Motion to Dismiss"). In support of the Motion to Dismiss, the Debtor GEA argued, among other things, "the Debtors have materially defaulted under the Plan" and "[t]he Debtors believe they will continue to be unable to make all plan payments as they become due." Motion to Dismiss ¶ 13. Moreover, the Debtor GEA argued that "dismissal will allow the Debtors' creditors to immediately exercise their nonbankruptcy remedies." *Id.* ¶ 14.

9. On February 24, 2012, the Court entered its Order Granting Debtors' Motion to Dismiss Chapter 11 Cases [Docket No. 850] (the "Dismissal Order"). The Dismissal Order provides, among other things, that the Bankruptcy Case was dismissed without prejudice. *See* Dismissal Order.

10. On or about October 10, 2012, the Debtor filed its Complaint (the "Complaint"), commencing an action against the Defendants in the Circuit Court, Seventh Judicial Circuit in and for Volusia County, Florida (the "State Court"), Case Number 2012-32693-CICI (the "State Court Action"). In addition to these Defendants, the Debtor also named 23 other defendants in its Complaint, none of whom have been served as of the date of this filing, per the State Court's docket.

11. Specifically, the Debtor asserted three counts against all defendants in the Complaint, all directly or indirectly challenging defendants' compliance with the terms of the Plan. *See* Complaint, included in **Exhibit A**.

5

12. Defendant GMACM was served with the Complaint on or about October 23, 2012.

13. Defendant U.S. Bank was served with the Complaint on or about October 31, 2012.

14. Through this Notice, these Defendants remove the State Court Action to this Court.

## II. REMOVAL JURISDICTION

15. The instant Notice of Removal is timely filed within thirty (30) days of service of the Complaint on these Defendants. *See* Fed. R. Bankr. P. 9027(a)(3). A copy of all process, pleadings and orders in the State Court Action is attached hereto as **Exhibit A**[5].

16. This Notice of Removal is filed pursuant to 28 U.S.C. § 1452(a), which provides that "[a] party may remove *any claim* or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." (emphasis added).

17. This Court has original jurisdiction under 28 U.S.C. § 1334(b), which provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[6]

18. The Debtor's Complaint requests that the State Court interpret and enforce the terms of the Plan. *See* Complaint ¶¶ 222-244 (requesting, among other things, that the State

---

[5] In accordance with Local Rule 9027-1, Exhibit A to this Notice of Removal contains copies of "all process, pleadings, orders and other papers or exhibits of every kind, including depositions" on file in the State Court.

[6] Pursuant to the Amended Order of Reference entered by the United States District Court for the Middle District of Florida on February 22, 2012, "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this district."

6

Court declare that "[t]he terms of the [Plan] modified the [Defendants'] first mortgages and notes" and "the [Defendants] must accept payment pursuant to the terms of the [Plan]").

19. A bankruptcy court that issues an order confirming a reorganization plan retains post-confirmation jurisdiction to complete any action pertinent to the plan. *See Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 969 (11th Cir. 2012). The only court competent to enforce the terms of a plan of reorganization is the bankruptcy court that confirms such plan. *See id.* at 970.

20. The Debtor seeks orders interpreting and enforcing the terms of the Plan. Such a proceeding is within the "arising under" jurisdiction pursuant to 28 U.S.C. § 1334. *See In re Toledo*, 170 F.3d 1340, 1345 (11th Cir. 1999) ("'Arising under' proceedings are matters invoking a substantive right created by the Bankruptcy Code."); *see also Weaver v. Texas Capital Bank, N.A.*, 410 B.R. 453, 458-59 (N.D.Tex. 2009) ("[T]he Complaint in this case specifically calls into question certain facts and legal implications of the confirmed reorganization plan . . . . Such a declaration inherently requires interpretation of the confirmed plan, and thus falls under the 'arising under' prong of bankruptcy jurisdiction."); *Patterson v. Morris*, 337 B.R. 82, 94-95 (E.D. La. 2006) (recognizing "arising under" jurisdiction where proceeding requires court to construe and enforce confirmation order).

21. Moreover, the Court specifically reserved jurisdiction over enforcement of the Plan in the Confirmation Order. *See Garcia*, 682 F.3d at 970 (recognizing that retention of post-confirmation jurisdiction is particularly appropriate where bankruptcy court retains jurisdiction under reorganization plan).

22. Finally, the Dismissal Order does not deprive the Court of jurisdiction over this proceeding. *See Morris v. Fidelity & Deposit Co. of Md.*, 950 F.2d 1531, (11th Cir. 1992) (recognizing bankruptcy court has discretion to retain jurisdiction over adversary proceedings

7

following dismissal of underlying bankruptcy case). As discussed above, this proceeding fits within the Court's "arising under" jurisdiction, and such jurisdiction continues even after a bankruptcy case is closed. *See Gagel v. Kingston-Greene Partners, Ltd. (in re GFW Inv., Ltd.)*, 85 B.R. 771, 780 (Bankr. S.D. Ohio 1988) (recognizing "clear congressional intent" that bankruptcy jurisdiction continues for "arising under" proceedings despite closing of bankruptcy case). Reopening the Bankruptcy Case is not necessary for the Court to exercise jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b). *See Menk v. Lapaglia (In re Menk)*, 241 B.R. 896, 904-07 (B.A.P. 9th Cir. 1999) (discussing post-closing and post-dismissal jurisdiction under 28 U.S.C. § 1334(b)); *In re Green*, No. 03-05607-W, 2005 Bankr. LEXIS 3048, at *2-5 (Bankr. D.S.C. Apr. 1, 2005) (reopening closed bankruptcy case is not "triggering mechanism" for conferring jurisdiction). In sum, the Court "plainly [has] jurisdiction to interpret and enforce its own prior orders." *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 151 (2009).

23. Accordingly, the Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b) and the State Court Action is properly removable under 28 U.S.C. 1452(a).

24. This matter is a "core proceeding" under 28 U.S.C. § 157(b). *See In re Midstate Mortg. Investors, Inc.*, 105 Fed. App'x 420, 422 (3d Cir. 2004) (proceeding to enforce plan is core because it could arise only in context of bankruptcy case). Should the Court find that this is not a core proceeding, the Defendants consent to the entry of a final order or judgment by the bankruptcy judge.

**WHEREFORE, PREMISES CONSIDERED**, Wherefore, Defendants, having removed this cause from the Circuit Court, Seventh Judicial Circuit, in and for Volusia County, Florida, pray that the Court will accept this Notice of Removal.

Respectfully submitted this 9th day of November, 2012.

8

/s/ Hope T. Cannon
Hope T. Cannon
Florida Bar No. 95542
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile:  (205) 521-8800
hcannon@babc.com

And

Lara Roeske Fernandez
Florida Bar No. 0088500
TRENAM KEMKER SCHARF BARKIN
FRYE O'NEILL & MULLIS, P.A.
101 E. Kennedy Boulevard
Suite 2700
Tampa, FL 33602
Telephone: (813) 223-7474
Facsimile:  (813) 227-0404
lrfernandez@trenam.com

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 9, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

  NONE

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

  Kelly Parsons Kwiatek
  Cobb Cole
  150 Magnolia Ave
  Post Office Box 2491
  Daytona Beach, FL 32115-2491
  kelly.parsons@cobbcole.com
  *Attorney for Plaintiff*

  Melissa B. Murphy
  Cobb Cole
  150 Magnolia Ave
  Post Office Box 2491
  Daytona Beach, FL 32115-2491
  melissa.murphy@cobbcole.com
  *Attorney for Plaintiff*

            /s/ Hope T. Cannon
            OF COUNSEL